United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Martha Phillips and Jerry Phillips, ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 18-23912-Civ-Scola |
| ) | |
| NCL Corporation Ltd. d/b/a ) | |
| Norwegian Cruise Lines, Defendant. ) | |

### Order On Motion to Compel Arbitration

This matter is before the Court upon the Defendant's Motion to Compel Arbitration filed on January 16, 2019. (ECF No. 3.) The Plaintiff responded (ECF No. 36) and the Defendant replied (ECF No. 39.) Upon review of the Defendant's motion, the record, and the relevant legal authority, the Court **grants in part and denies in part** the Defendant's motion. (**ECF No. 36.**)

### I.  Background

The Plaintiffs in this case, a group of cruise ship passengers, filed a complaint on behalf of themselves and others similarly situated alleging violations of the Florida Deceptive Unfair Trade Practices Act ("FDUTPA") and unjust enrichment. (ECF No. 22.) The Plaintiffs allegations are centered around their purchase of the Booksafe Travel Protection Program ("BTPP"). BTPP includes a (1) cancellation fee waiver program, a (2) travel insurance policy provided by Transamerica or Nationwide, and (3) the carefree worldwide emergency assistance program provided by On Call International. (ECF No. 27 at 2.) At the time of purchasing their cruise ticket, the Plaintiffs elected to purchase BTPP. (*Id.* at 2-3.) The Plaintiffs made final payment for the cruise, which included the payment for BTPP. (*Id.*)

As part of purchasing the cruise ticket, the Plaintiffs agreed to the terms and conditions of the Guest Ticket Contract. (*Id.* at 4.) The Guest Ticket Contract has a broad arbitration clause that requires "[a]ny and all disputes, claims or controversies whatsoever . . . relating to or in any way arising out of or connected with this Contract or Guest's cruise . . . shall be referred to and resolved exclusively by binding arbitration. . . ." (*Id.* at 5.) The Guest Ticket Contract also includes a class action waiver which states that "Guest agrees that any arbitration or lawsuit against carrier whatsoever shall be litigated by guest

individually and not as a member of any class or as part of a class action." (*Id.* at 5-6.)

The Plaintiffs allege that Norwegian violated FDUTPA and was unjustly enriched by receiving unearned and undisclosed commissions related to the Plaintiffs' purchase of BTPP, bundling BTPP together to conceal the true cost of the program, and presenting BTPP to create an impression that the price for the BTPP was comprised of pass-through charges even though Norwegian received an unearned and undisclosed commission. (*Id.* at 6.) The Defendant moves to compel arbitration and strike the Plaintiffs' class allegations under the terms of the Guest Ticket Contract. The Plaintiffs argue that their claims based on the purchase of BTPP are not subject to the Guest Ticket Contract's terms and therefore not subject to arbitration or the class action waiver. (ECF No. 36.)

## II. Legal Standard

The Federal Arbitration Act (the "FAA") governs the validity of an arbitration agreement. *Walthour v. Chipio Windshield Repair, LLC*, 745 F.3d 1326, 1329 (11th Cir. 2014) (citing *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1367 (11th Cir. 2005)). The FAA "embodies a liberal federal policy favoring arbitration agreements." *Id.* (citing *Caley*, 428 F.3d at 1367) (internal quotations omitted). The FAA provides that a written agreement to arbitrate is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *Id.* (internal quotations and citations omitted). The Court must look first to whether the parties entered into a valid agreement to arbitrate and whether the claims brought fall under the scope of the arbitration agreement. *Doe v. Princess Cruise Lines, Ltd.,* 657 F.3d 1204, 1213-14 (11th Cir. 2011).

## III. Analysis

The Plaintiffs do not dispute that they entered a valid arbitration agreement when they assented to the Guest Ticket Contract. The only question before the Court is whether the Plaintiffs' claims, related to the purchase of BTPP, fall within the scope of the arbitration clause. The parties agree that the applicable test for determining whether a particular claim is arbitrable pursuant to an agreement containing a broad arbitration clause is whether a significant relationship exists between the claim and the agreement containing the arbitration clause. (ECF No. 27 at 12; ECF No. 36 at 7.) The Eleventh Circuit has found that clauses containing the "arising out of" "relating to" and "connected with" language require some direct connection between the claim and the contract. *See Doe*, 657 F.3d at 1218-19. "Where the dispute occurs as a fairly direct result of the performance of contractual duties . . . then the dispute can

fairly be said to arise out of or relate to the contract in question, and arbitration is required." *Telecom Italia, SpA v. Wholesale Telecome Corp.*, 248 F.3d 1109, 1116 (S.D. Fla. 2001). On the other hand, disputes "that are not related—with at least some directness—to performance of duties specified by the contract do not count as disputes 'arising out of' the contract[.]" *Id. See also Doe,* 657 F.3d at 1219 (finding that the plaintiff's claims did not fall under the contract because they were not "an immediate, foreseeable result of the performance of the parties' contractual duties.").

The Court finds that the Plaintiffs' claims fall under the scope of the arbitration clause in the Guest Ticket Contract. The Plaintiffs' claims, related to the purchase of insurance for the cruise, are significantly related to the Guest Ticket Contract. Norwegian's guests must decide whether to purchase BTPP before they complete their booking and purchase their tickets. Further, BTPP includes a cancellation fee waiver program, which is necessarily related to the cancellation of the ticket and contract with Norwegian. As reasoned in Judge Williams's recent opinion, "[t]he whole purpose of [BTPP] is to protect Plaintiffs' stay on the cruise, which is the core of the Contract . . . Indeed, without the existence of the Contract there is no [BTPP] and therefore no claims for the Plaintiffs to advance." *Wolfe v. Carnival Corporation,* No. 18-23463 (S.D. Fla. Jan. 3, 2019) (Williams, J.). Not only does the arbitration clause cover matters "relating to or in any way arising out of or connected with" the Guest Ticket contract, but it also includes matters relating to, arising out of, or connected with the "Guest's cruise." (ECF No. 27 at 5.) Norwegian's sale of BTPP is related to the guest's cruise because BTPP is offered to protect the guest's cruise. If Norwegian breaches the Guest Ticket Contract or somehow interrupts the guest's cruise, the BTPP policies may be invoked. Therefore, this dispute arises out of Norwegian's performance of its contractual duties and is "related to" the contract in question.

With regard to the class action waiver, the Court "can decide, in the first instance, whether the parties agreed to limit the parties to arbitration by their collective action/class action waiver because it relates to the enforcement of the *terms* of their agreement to arbitration." *Lamour v. Uber Techs.*, No. 16-21449, 2017 WL 878712, at *7 (S.D. Fla. March 1, 2017) (Goodman, Mag. J.). The Plaintiffs concede that the "same analysis that the Court undertakes to determine whether the Arbitration Provision applies to Plaintiffs' claims applies with equal force to the Class Action Waiver." (ECF No. 36 at 17.) Therefore, the Court finds that the class action waiver in the Guest Ticket Contract applies to Plaintiffs' claims in this case and shall be enforced.

## IV. Dismissal or Stay

The Defendant in this case seeks a stay pending the arbitration. (ECF No. 27 at 19.) The Plaintiffs ask the Court to dismiss the case if arbitration is compelled. (ECF No. 36 at 18.) Section 3 of the FAA states that district courts "shall" stay proceedings pending arbitration upon the motion of a party. 9 U.S.C. § 3. However, where all issues presented in the lawsuit are arbitrable and the plaintiff has not requested a stay, the Eleventh Circuit and this Court have found that a dismissal of the lawsuit is a proper remedy. *See Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1379 (11th Cir. 2005); *Perera v. H&R Block Eastern Enterps., Inc.*, 914 F. Supp. 2d 1284, 1290 (S.D. Fla. 2012) (King, J.); *Stapleton v. Nordstrom, Inc.*, No. 19-20193, 2009 WL 10667803, at *4 (S.D. Fla. Aug. 11, 2009), *report and recommendation adopted,* No. 09-20193-CIV, 2009 WL 10668756 (S.D. Fla. Sept. 30, 2009) (Seitz, J.). As discussed above, the Plaintiffs' two-count complaint is subject to arbitration. Moreover, the Plaintiffs request that the Court dismiss this action if it finds that the claims are arbitrable. (ECF No. 36 at 18.) Thus, the Court finds that dismissal of this matter is proper. *See Olsher Metals Corp. v. Olsher*, No. 01-3212-CIV, 2003 WL 25600635, at *9 (S.D. Fla. Mar. 26, 2003) (Jordan, J.) (dismissing case in which broad arbitration clause applied to each claim).

## V. Conclusion

The Defendant's motion to compel arbitration and strike class allegations (**ECF No. 27**) is **granted in part and denied in part**. The Plaintiffs are compelled to submit their claims to arbitration on an individual basis and the case is **dismissed with prejudice**. All pending motions are denied as moot. The Clerk of Court is directed to **close** this case.

**Done and ordered**, in chambers at Miami, Florida, on May 29, 2019.

Robert N. Scola, Jr.
United States District Judge